# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Raphael Mendez, | Case No. 20-CV-1979 (PAM/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| FMC Rochester, Minnesota; Warden Steve Kallis; A Male Correctional Officer (Lieutenant); and A Female Correctional SIS Employee, | |
| Defendants. | |

Plaintiff Raphael Mendez was (and remains) involuntary committed under 18 U.S.C. § 4246 by the District Court for the Eastern District of North Carolina. For much of the period of commitment, Mr. Mendez has been detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). And for much of that period of commitment, Mr. Mendez has sought to have the commitment declared unlawful.

This litigation arises out of that ongoing effort. Mr. Mendez alleges that he placed into the FMC-Rochester mail system a packet of documents to be sent to his sister, with the intent that those documents would be passed along to others (such as courts or politicians) who might be able to help him challenge the legality of his detention. According to the complaint, Mr. Mendez called his sister after sending the documents. His sister affirmed that she had received the mail packet but denied receiving one of the documents that Mr. Mendez had placed in the packet: a letter addressed to Janelle

1

Sarauw, a senator of the Legislature of the United States Virgin Islands (where Mr.

Mendez resided prior to his detention). While discussing the topic on the telephone, Mr.

Mendez heard a voice — a voice that he believes to have been an officer at FMC-

Rochester — harassing him and his sister, who now is refusing to answer calls from Mr.

Mendez. Based on these allegations, Mr. Mendez seeks relief under 42 U.S.C. § 1985(3)

alleging conspiracy to violate his constitutional rights.

Mr. Mendez did not pay the filing fee for this matter, instead applying for *in forma*

*pauperis* ("IFP") status. *See* ECF No. 2. After review, this Court concludes that Mr.

Mendez qualifies financially for IFP status. That said, an action may be dismissed when

an IFP applicant has filed a complaint that fails to state a cause of action on which relief

may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128

(8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008)

(per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C.

§ 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and

the provisions allow dismissal without service."). In reviewing whether a complaint

states a claim on which relief may be granted, this Court must accept as true all of the

factual allegations in the complaint and draw all reasonable inferences in the plaintiff's

favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the

factual allegations in the complaint need not be detailed, they must be sufficient to "raise

a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its

face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard

legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S.

662 (2009).  Pro se complaints are to be construed liberally, but they still must allege

sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914

(8th Cir. 2004).

> Section 1985(3) prohibits conspiracy to violate the constitutional rights of another.

> > [T]o make out a violation of § 1985(3) . . . the plaintiff must
> > allege and prove four elements: (1) a conspiracy; (2) for the
> > purpose of depriving, either directly or indirectly, any person
> > or class of persons of the equal protection of the laws, or of
> > equal privileges and immunities under the laws; and (3) an act
> > in furtherance of the conspiracy; (4) whereby a person is
> > either injured in his person or property or deprived of any
> > right or privilege of a citizen of the United States.

*United Brotherhood of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott*, 463

U.S. 825, 828-29 (1983).

Mr. Mendez's § 1985(3) claim fails at the first step, as he has not plausibly alleged

that two or more individuals were responsible for any of the actions for which he seeks

relief and therefore cannot establish the existence of a conspiracy.  With respect to the

purloined letter, Mr. Mendez alleges that two unnamed officers, one male and one

female, were present in the mail room when he dropped off his packet.  *See* Compl. at 4

[ECF No. 1].  As explored below, Mr. Mendez offers no non-speculative reason to

believe that either officer individually was responsible for the missing letter.  But more

importantly for purposes of his § 1985(3) claim, Mr. Mendez offers no non-speculative

reason to believe that the two officers were in cahoots.  For example, regarding the

female officer, Mr. Mendez alleges only that she "may have been an INFLUENCE on the

3

[male] Lieutenant, on the CAUSE of this ACTION." *Id.* This allegation is entirely speculative; Mr. Mendez has provided no factual allegations that, if proved true, would demonstrate involvement of the female officer in the events at issue. Similarly, Mr. Mendez does not plausibly allege that more than one individual was responsible for the harassment that occurred during the phone call.

Although brought as claims of conspiracy, Mr. Mendez's allegations are perhaps more appropriately analyzed as claims of constitutional violations brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Unlike under § 1985(3), no conspiracy need be alleged to establish liability under *Bivens*, and therefore Mr. Mendez's failure to adequately allege the involvement of two or more individuals does not defeat any claims that might be brought under *Bivens*. Still, though, Mr. Mendez must present *plausible* allegations that his constitutional rights were violated. *See Twombly*, 550 U.S. at 570. The complaint falls short in this regard. With respect to the missing letter, Mr. Mendez does not plausibly allege that either of the two unnamed officers was responsible for its absence; the complaint alleges nothing more than that he believed the letter to be in the packet when it was placed in the FMC-Rochester mail system.[1] With respect to the phone call, Mr. Mendez has not established

---

[1] It is not entirely clear from the pleading and accompanying materials that the letter was missing at all. Mr. Mendez acknowledged in a communication to FMC-Rochester staff that his sister later confirmed that she *did* have the letter at issue. *See* Compl. Ex. at 1 [ECF No. 1-1]. The Court may review documents encompassed by the pleading, including exhibits attached to the pleading, when considering whether the pleading states a claim on which relief may be granted. *Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1068-69 (8th Cir. 2004).

4

that the alleged conduct,[2] however unpleasant — Mr. Mendez does not allege what the

harassment entailed — amounts to a violation of his *constitutional* rights, as required

under *Bivens*. Without further allegations, Mr. Mendez cannot establish that any

defendant (named or unnamed) acted unlawfully.

Accordingly, this Court recommends that this matter be dismissed without

prejudice pursuant to § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY RECOMMENDED THAT:

1.      This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28

        U.S.C. § 1915(e)(2)(B).

2.      The application to proceed *in forma pauperis* of plaintiff Raphael Mendez

        [ECF No. 2] be DENIED.

Date: February 1, 2021                          *s/ Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.

---

[2] There is, again, at least some reason to believe from the papers submitted by Mr.
Mendez that the alleged harassment may not have occurred. *See* Compl. Ex. at 1 [ECF
No. 1-1]. This Court assumes, however, for purposes of this Recommendation, that the
allegations regarding harassment during the telephone call are true.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).